**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO.: 3:14-CV-460**

| | |
|---|---|
| **SAM B. MISCHNER,** | |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **WALKER JACKSON MORTGAGE CORPORATION,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Plaintiff Sam Mischner's Motion to Amend Complaint (Doc. No. 10) and Defendant's Response (Doc. No. 11). Plaintiff seeks leave to file an amended complaint in order to address alleged deficiencies in his original complaint that are the subject of Defendant's Motion to Dismiss (Doc. No. 6). For the reasons set forth below, the Motion to Amend is **GRANTED**.

## I. BACKGROUND

Plaintiff brought this case on July 23, 2014 in Mecklenburg County Superior Court asserting claims for (1) breach of contract and (2) violation of North Carolina's Wage and Hour Act ("NCWHA") (Doc. No. 1-3). Defendant removed this case to this Court on August 21, 2014 (Doc. No. 1) and subsequently filed a motion to dismiss (Doc. No. 6). That motion argues for the dismissal of this action because (1) Plaintiff's NCWHA claim is barred by a two-year statute of limitations and (2) Plaintiff's breach of contract claim fails to state a claim, notably because he failed to plead that he was terminated without cause.

Plaintiff acknowledges that his NCWHA claim was filed outside the two-year statute of limitations. He now seeks to file an amended complaint which (1) removes the NCWHA claim and (2) adds a specific allegation that he was, in fact, terminated without cause.

# II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within twenty-one days after serving it, or within twenty-one days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f). FED. R. CIV. P. 15(a). Otherwise, amendments are permitted "only with the opposing party's written consent or the court's leave." *Id.* The Rule further instructs that "[t]he court should freely give leave when justice so requires." *Id.* The Fourth Circuit has interpreted Rule 15(a) "to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d 404, 426-27 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Delay alone is insufficient for denial of a motion to amend. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980). As to futility, "[l]eave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510 (citing *Davis*, 615 F.2d at 613).

Here, Defendant argues that Plaintiff should not be permitted to amend the Complaint because the proposed amended complaint still fails to state a claim for breach of contract and is thus futile. Plaintiff's breach of contract claim alleges that Defendant breached Plaintiff's employment agreement by failing to pay him all amounts due under the agreement in the event of his termination without cause. The proposed amended complaint describes some of the circumstances surrounding Plaintiff's termination, including that his employer was bought out by Defendant, that he negotiated his compensation package with Defendant unsuccessfully, and that he was ultimately terminated by letter dated July 15, 2011. It then succinctly states:

> At no time did Defendant inform Plaintiff or provide Plaintiff any information that indicated that Defendant was terminating Plaintiff "for cause." Defendant's termination of Plaintiff was "without cause."

(Doc. No. 10-2 at 2). Defendant argues that the proposed amended complaint fails to adequately allege the facts surrounding his termination—namely the precise reason for his termination—and thus does not meet the "plausibility" pleading requirements of *Twombly* and *Iqbal*.

While the proposed complaint does not appear to be brimming with details, Plaintiff is only required to plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint provides general details surrounding his termination, copies of his employment agreement and termination letter, and specifically alleges that he was terminated without cause. Based on these allegations, it is at least plausible that Plaintiff is entitled to relief for breach of contract. The Court finds that the proposed complaint, then, is not "clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510 (citing *Davis*, 615 F.2d at 613).

## III. ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend (Doc. No. 10) is **GRANTED**. Plaintiff is given leave to file the proposed amended complaint, which should be filed within five (5) days of the date of this order.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. No. 6) is **DENIED** as **MOOT**. Defendant is free to file a new motion after filing of the amended complaint. **SO ORDERED.**

Signed: January 13, 2015

Graham C. Mullen
United States District Judge

3